UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,            Case No. 17-cr-35-pp

    Plaintiff,

v.

RICHARD KRAEMER,

    Defendant.

---

**DECISION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR COURT'S DETERMINTION THAT HIS PRIOR CONVICTION DOES NOT TRIGGER APPLICATION OF 18 U.S.C. §2252(B)(2)'S 10-YEAR MINIMUM MANDATORY SENTENCE (DKT. NO. 19)**

---

In 1995, the state of Wisconsin convicted Richard Kraemer of first-degree sexual assault of a child under Wis. Stat. §948.02(1). In 1995, that statute provided that "whoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony."

On February 9, 2017, the United States Attorney's Office filed a complaint, alleging that defendant Kraemer had distributed child pornography in violation of 18 U.S.C. §2252(a)(2), and had possessed child pornography in violation of 18 U.S.C. §2252(a)(4)(B). Dkt. No. 1. On February 22, 2017, the grand jury returned an indictment against the defendant, charging him with five counts of distributing child pornography and one count of possession; the indictment alleged that all of the offenses took place between September 26, 2016 and February 8, 2017. Dkt. No. 7.

Section 2252(b)(2) of Title 18 states that a person convicted of violating 18 U.S.C. §2252(a)(4) is subject to a ten-year mandatory minimum sentence if that person "has a prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or a ward . . . ." On May 9, 2017, the parties filed an executed plea agreement. Dkt. No. 15. Paragraph 6 of that agreement provided that the defendant was subject to the ten-year mandatory minimum, because he had a prior conviction for first-degree sexual assault of a child. Id. at 4-5, ¶6. At the May 10, 2017 change-of-plea hearing, however, counsel for the defendant told the court that the question of whether the defendant's prior conviction constituted a predicate conviction that would trigger the mandatory minimum was on appeal before the Seventh Circuit. Dkt. No. 16. (The issue was pending before the Seventh Circuit Court of Appeals in United States Geasland, Case No. 16-3047.) Defense counsel requested an adjournment to investigate the possibility of a conditional plea. Id. at 1. The court granted the adjournment. Id. at 2.

At the next hearing on June 9, the parties informed the court that the parties didn't really know how to craft a conditional plea that would reserve the defendant's right to challenge his plea if the Seventh Circuit decided that the prior conviction did not trigger the mandatory minimum. Dkt. No. 17. The court suggested that the defendant file a motion, asking the court to rule on the question. Id. at 1. The defendant filed this motion, dkt. no. 19, and the

government filed a response, dkt. no. 21. The court took the issue under advisement at that time.

Given the court's calendar, however, the court was not able to issue a decision before the Seventh Circuit ruled. On August 16, 2017, the Seventh Circuit issued its decision. See United States v. Geasland, ___ Fed. App'x ___, 2017 WL 3555921 (7th Cir., August 16, 2017). Because the Seventh Circuit has ruled, the parties now should have the guidance they need. In particular, the defendant should have a better sense of whether he wishes to proceed under the plea agreement as filed, or file a motion to withdraw that agreement, or negotiate with the government about other options.

The court **DENIES AS MOOT** the defendant's motion. Dkt. No. 19. The court **ORDERS** that by the end of the day on **Friday, September 29, 2017**, the parties shall file a joint notice with the court, indicating how they wish to proceed.

Dated in Milwaukee, Wisconsin this 13th day of September, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**